**COMAR, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

**United Steelworkers of America, Intervenor.**

Nos. 03–1253, 03-1354.

United States Court of Appeals, District of Columbia Circuit.

May 19, 2004.

———

Joel E. Cohen, McDermott, Will & Emery, New York, NY, for Petitioner.

Richard A. Cohen, Senior Attorney, Arthur F. Rosenfeld, Aileen A. Armstrong, Deputy Associate General Counsel, John H. Ferguson, Assistant General Counsel, Howard E. Perlstein, Deputy Assistant General Counsel, National Labor Relations Board (NLRB) General Counsel, Washington, DC, for Respondent.

David I. Goldman, Paul Leon Edenfield, United Steelworkers of America AFL–CIO, Pittsburgh, PA, for Intervenor.

Before RANDOLPH, TATEL, and GARLAND, Circuit Judges.

### JUDGMENT

This petition for review was considered on the record from the National Labor Relations Board and the briefs of the parties. It is

**ORDERED AND ADJUDGED** that the petition for review be denied, and the cross-application for enforcement be granted.

Substantial evidence exists showing that the historically recognized bargaining unit at Comar's Vineland facility remained appropriate after its relocation to the Buena facility: the former Vineland applicator division employees continued to perform the same work under essentially the same supervision; they did so in a separate room in a building apart from the Buena finishing department employees; the skill levels and tasks of the applicator division employees remained distinct from those of the Buena finishers; and the two departments serviced different customers with different needs and product requirements. Comar itself recognized the separate identity of the relocated applicator division, notifying the employees that the unit would be moved "like a beehive" and assuring its customers that nothing about the operation would change upon relocation.

These facts "provide[ ] ample support for the Board's conclusion that the basic character of the work environment was not fundamentally changed by the relocation," *Leach Corp. v. NLRB,* 54 F.3d 802, 809 (D.C.Cir.1995), and that the bargaining unit was not accreted into the existing finishing department. *See Int'l Ass'n of Machinists v. NLRB,* 759 F.2d 1477, 1479–80 (9th Cir.1985) (factors considered in accretion determination include functional integration of business, similarity of working conditions, collective bargaining history, degree of employee interchange between the groups, geographical distance, similarity of job classifications and skills, etc.); *see also Trident Seafoods, Inc. v. NLRB,* 101 F.3d 111, 118–19 & n. 13 (D.C.Cir.1996). There is substantial evidence that Comar essentially moved the applicator division unit—virtually intact—to another location without a well-defined plan or timetable for achieving functional integration. Comar then refused to recognize the union that represented the unit employees and unilaterally made changes to the wages, benefits and other conditions of their employment. Substantial evidence also supports the Board's determination that Comar failed to provide the union with requested information about the relocation.

We conclude that the Board reasonably determined, based on substantial evidence, that Comar violated Section 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5) & (1), by failing to bargain in good faith about the effects of the relocation. Moreover, the Board did not abuse its discretion in denying Comar's motion to reopen the record and deferring to a subsequent compliance proceeding Comar's claim of post-hearing operational changes. *See Great Lakes Chemical Corp. v. NLRB,* 967 F.2d 624, 629–30 (D.C.Cir. 1992).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.